(June 18, 1992)

■ In the Matter of MARRHONDA G., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County (George Jurow, J.), entered May 14, 1990, which adjudicated appellant a juvenile delinquent following a fact finding determination that appellant had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the third and fourth degrees, and which placed her on probation for a period of two years, unanimously affirmed, without costs.

Appellant, a 13 year old girl, was escorted to the Youth Services Unit of the Port Authority Bus Terminal by a Port Authority police officer at approximately 9:00 P.M. on a weeknight, on a suspicion of being a runaway. After appellant had set her bag down and taken a seat in the designated area some 15 feet away, another officer picked up appellant's bag to move it and felt the unmistakable outline of the butt of a gun. A subsequent search of the bag uncovered four handguns and ammunition.

Appellant's motion to suppress the contraband was properly denied. Initially, as determined by the Family Court, the police officer had a reasonable suspicion that appellant was a runaway, and thus lawfully detained her pursuant to Family Court Act § 718. Although appellant had a bus ticket for Waterbury, Connecticut, and was standing in the appropriate waiting area for that destination, she lied about her age, stated that her mother could not be contacted, and could provide no address or telephone number for her uncle, whose arrival she had purportedly been awaiting for over two hours. Together with the fact that appellant was travelling alone, appeared nervous, and had no identification, these circumstances legitimized transporting appellant to a central area to determine if in fact she was a runaway. *(Matter of Terrence G.,* 109 AD2d 440.)

We discern no basis to disturb the Family Court's factual determination that the second police officer's act of moving the bag was not a pretext to conduct a search of it, and that

the discovery of the weapon was inadvertent. We note, in this regard, that the first officer, had he so desired, could have lawfully "frisked" the bag upon detaining appellant and thus need not have resorted to any pretext or subterfuge to conduct the search. *(Matter of Mark Anthony G.,* 169 AD2d 89.) Lastly, given the fact that appellant was in sole possession of it for an extended period of time, we find that appellant knowingly possessed the contraband found inside. Concur—Murphy, P. J., Sullivan, Rosenberger, Kassal and Smith, JJ.